MAR 2 4 2006

| State of Alabama Unified Judicial System | **COVER SHEET** CIRCUIT COURT - CIVIL CASE (Not For Domestic Relations Cases) | Case Number  CV# 06118  CV ☐☐☐☐☐☐☐.☐ |
|---|---|---|

| Form ARCivP-93    Rev. 5/99 | | Date of Filing: ☐☐ ☐☐ ☐☐☐☐    Judge Code: ☐☐☐☐ |
| | | Month    Day    Year |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

#### PORTER, et al., plaintiffs v. PATTERSON, et al., defendants

**First Plaintiff** ☐ Business ■ Individual ☐ Government ☐ Other    **First Defendant** ☐ Business ■ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ■ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** *(check one):* F ■ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____

R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ■ YES ☐ NO    NOTE: Checking "Yes" does **not** constitute a demand for a Jury trial. (See Rules 38 and 39, Ala.R.Civ.P., for procedure)

**RELIEF REQUESTED:** ■ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** FEE001    1-24-06

DATED    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐Yes ☐NO    ■Undecided

**EXHIBIT**

A

| State of Alabama<br>United Judicial System | **SUMMONS** | Case Number |
|---|---|---|
| Form C-34          Rev 6/88 | **-CIVIL-** | |

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

Plaintiff JACQUELINE PORTER, et al., vs. KEITH D. PATTERSON, et al., Defendants

Notice to:  **KEITH D. PATTERSON**
**1209 20TH St.**
**Phenix City, AL  36867**

| ATTACHMENTS: | |
|---|---|
| *Complaint* | *Requests for Production* |
| *Interrogatories* | *Deposition Notice* |
| *Notice of Service* | *Requests for Admissions* |

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQURIED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF(S) ATTORNEY DOUGLAS J. FEES WHOSE ADDRESS IS **401-403 Madison Street, Huntsville, AL  35801**.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐  You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.

■  Service by certified mail of this summons is initiated upon the written request of the Plaintiff pursuant to The Alabama Rules of Civil Procedure.

_____  _____  By: _____
DATE                                      Clerk/Register

☐  Certified Mail is hereby requested. _____
                                                        Plaintiff's Attorney's Signature

RETURN ON SERVICE:

☐  Return receipt of certified mail received in this office on_____.
                                                                                              (Date)

☐  I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____County, Alabama on _____.
                                                                                  (Date)

_____
DATE

ADDRESS OF SERVER:                              _____
                                                                    SERVER SIGNATURE

_____
_____                              _____
                                                                    TYPE OF PROCESS SERVER

| State of Alabama<br>United Judicial System | **SUMMONS** | Case Number |
|---|---|---|
| Form C-34             Rev 6/88 | **-CIVIL-** | |

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

Plaintiff JACQUELINE PORTER, et al., vs. KEITH D. PATTERSON et al., Defendants

Notice to: **TRAVELERS INDEMNITY COMPANY OF AMERICA**
 **Sandra Smiley**
 **Caller Service 1816**
 **Alpharetta, GA  30023-1816**

| ATTACHMENTS: | |
|---|---|
| *Complaint* | *Requests for Production* |
| *Interrogatories* | *Deposition Notice* |
| *Notice of Service* | *Requests for Admissions* |

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR ATTORNEY ARE REQURIED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF(S) ATTORNEY DOUGLAS J. FEES WHOSE ADDRESS IS **401-403 Madison Street, Huntsville, AL 35801**.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

- ☐  You are hereby commanded to serve this summons and a copy of the complaint in this action upon defendant.
- ■  Service by certified mail of this summons is initiated upon the written request of the Plaintiff pursuant to The Alabama Rules of Civil Procedure.

_____    _____  By_____
DATE                                        Clerk/Register

☒   Certified Mail is hereby requested.  _____
                                                              Plaintiff's Attorney's Signature

RETURN ON SERVICE:
- ☐  Return receipt of certified mail received in this office on_____.
                                                                                        (Date)
- ☐  I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____County, Alabama on _____.
                                                                                            (Date)

_____
DATE

ADDRESS OF SERVER:                              _____
                                                                       SERVER SIGNATURE
_____
_____                         _____
                                                                       TYPE OF PROCESS SERVER

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

**JACQUELINE PORTER & WILLIAM PORTER,**

*Plaintiffs,*

vs.

**KEITH D. PATTERSON; TRAVELERS INDEMNITY INSURANCE COMPANY;**
**NO. 1,** whether singular or plural, being that entity who or which owned the vehicle which defendant KEITH D. PATTERSON was driving at the time of the occurrence made the basis of Plaintiffs' complaint;
**NO. 2,** whether singular or plural, being that entity who or which was in control of the vehicle which KEITH D. PATTERSON   was driving at the time of the occurrence made the basis of the Plaintiffs' complaint;
**NO 3,** whether singular or plural, being that entity who or which was doing business as TRAVELERS INDEMNITY INSURANCE COMPANY, at the time of the occurrence made the basis of  Plaintiffs' complaint;
**NO. 4,** whether singular or plural, being that entity who or which issued a policy of liability and/or uninsured motorist insurance providing coverage of Plaintiffs for the incident made the basis of Plaintiffs' complaint;
**NO. 5,** whether singular or plural, being that entity other than those entities described above whose negligence, wantonness, or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiffs' complaint;
**NO. 6,** whether singular or plural, being that entity other than those entities described above who or which is the successor in interest of any of those entities described above; Plaintiffs aver that the identity of the fictitious parties defendant is not known to Plaintiffs at this time, or if their identities are known to Plaintiffs, their identity as proper parties defendant is not known to Plaintiffs at this time, and their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained,

*Defendants.*

**CIVIL ACTION**
NO. CV_____

**JURY DEMAND**

---

## COMPLAINT

---

COME NOW the plaintiffs, Jacqueline Porter and William Porter, and for their complaint

against Defendants named and described above, aver as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff Jacqueline Porter is an adult over the age of 19 and is a resident of Muscogee

County, Georgia.

2.    Plaintiff William Porter is married to Plaintiff Jacqueline Porter, is an adult over the age

of 19 and is a resident of Muscogee County, Georgia.

3.    Defendant Travelers Indemnity Insurance Company ("Travelers") is an insurance

company doing business in the State of Alabama.

4.    Defendant Keith D. Patterson ("Patterson"), upon information and belief, is an adult over

the age of 19 and is a resident of Russell County, Alabama.

5.    The incident made the basis of Plaintiffs' complaint occurred in Russell County,

Alabama.

## COUNT ONE
NEGLIGENCE/WANTONNESS

6.    Plaintiffs adopt and re-aver the averments contained in paragraphs 1 through 5 above and

incorporates same as if fully set out herein.

7.    On or about 2 May 2004 on Crawford Road, a public roadway in Russell County,

Alabama, Defendants Patterson, and/or one or more of the fictitious defendants described

in the caption of Plaintiffs' complaint, negligently or wantonly operated a motor vehicle

so as to collide with a vehicle at rest in traffic behind a vehicle operated by plaintiff

William Porter.

8.    Because of the contact from Defendants, the vehicle behind Plaintiff William Porter was

caused to strike the rear of Plaintiffs' vehicle.

9.    The negligence or wantonness of Defendants Patterson and/or one or more of the

fictitious defendants described in the caption of Plaintiffs' complaint, combined and

concurred so as to cause the Plaintiffs to suffer the following injuries and damages:

    a.    Jacqueline Porter was caused to suffer and continues to suffer physical injuries as

        result of the above-described incident;

    b.    Jacqueline Porter experienced and continues to suffer pain and suffering and

        mental anguish as a result of the above-described incident;

    c.    Jacqueline Porter incurred medical expenses in and about an effort to treat, cure

        and/or heal  the physical injuries sustained in the above-described incident;

    d.    Jacqueline Porter incurred permanent injuries and disabilities as a result of the

        physical injuries sustained in the above-described incident;

    e.    Jacqueline Porter lost, and continues to lose, enjoyment of life as a result of the

        physical injuries sustained in the above-described incident; and

    f.    William Porter was caused to suffer and continues to suffer a loss of consortium;

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, in an

amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs

of court.

## COUNT TWO
### NEGLIGENCE/WANTONNESS *PER SE*

10.    Plaintiffs adopt and re-aver the averments contained in paragraphs 1 through 9 above and

incorporate same as if fully set out herein.

11.    Defendants Patterson and/or one or more of the fictitious party defendants described in

the caption of Plaintiffs' complaint, were guilty of common law negligence or

wantonness in that the Defendant driver :

a)      Failed to maintain his vehicle under proper control.

b)      Failed to keep a proper lookout.

c)      Failed to exercise due care.

12.    Defendants Patterson and/or one or more of the fictitious party defendants described in

the caption of Plaintiffs' complaint, were further guilty of negligence *per se* in that the

Defendant driver violated the following statutes of the State of Alabama contained in the

*Code of Alabama* all of which were in full force and effect at the date and time of the

incident made the basis of Plaintiffs' complaint:

a.      *Failure to comply with § 32-5A-190 Ala Code (1975). Reckless driving.* (a)  Any

person who drives any vehicle carelessly and heedlessly in willful or wanton

disregard for the rights or safety of persons or property, or without due caution

and circumspection and at a speed or in a manner so as to endanger or be likely to

endanger any person or property, shall be guilty of reckless driving.

b.      *Failure to comply with § 32-5A-170 Ala Code (1975). Reasonable and Prudent*

*Speed.*  No person shall drive a vehicle at a speed greater than is reasonable and

prudent under the conditions and having regard to the actual and potential hazards

then existing.  Consistent with the foregoing, every person shall drive at a safe and

appropriate speed when approaching and crossing an intersection or railroad grade

crossing, when approaching and going around a curve, when approaching a hill

crest, when traveling upon any narrow or winding roadway, and when special

hazards exist with respect to pedestrians or other traffic or by reason of weather or

highway conditions.

13.    As a proximate consequence of such negligence *per se* or wantonness *per se* by said

defendants, Plaintiffs were caused to suffer the injuries described in paragraph 9 above.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, in an

amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs

of court.

## COUNT THREE
### UNINSURED/UNDERINSURED MOTORIST

14.    Plaintiffs re-aver the averments contained in paragraphs 1 through 13 above,  and

incorporate same by reference as if fully set out herein.

15.    On or about the 2nd day of May, 2004, Plaintiff William Porter was operating a vehicle, in

which Plaintiff Jacqueline Porter was a passenger, and which was hit by a  vehicle struck

by Defendant Patterson.

16.    Prior to the collision heretofore described, Defendant Travelers and/or one or more of the

fictitious parties defendant listed and/or described in the caption of Plaintiffs' complaint,

for and in consideration of a valuable premium agreed to and paid by William Porter,

issued a policy of automobile insurance, insuring Plaintiffs *inter alia* against loss or

injury arising out of an automobile collision involving an uninsured/underinsured motor

vehicle.

17.    On or about May 2, 2004, while said policy of insurance was still in full force and effect,

Plaintiffs suffered bodily injury when a motor vehicle occupied and operated by an

uninsured/underinsured motorist negligently or wantonly collided with Plaintiffs' vehicle.

18.    Thereafter, and within due time as prescribed in the policy of insurance, Defendant

Travelers, and/or one or more of the fictitious party defendants listed and/or described in

the caption of Plaintiffs' complaint, were notified of how, when, and where said collision happened and of the injuries sustained by Plaintiffs. In addition, each and every term, condition, and provision of the policy of insurance to be performed as a prerequisite to the recovery of benefits has been fully and completely performed.

19.    Plaintiffs hereby request all uninsured/underinsured motorist benefits available to them.

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, in an amount which the jury deems fair and just to compensate Plaintiffs, punitive damages and costs of court.

## COUNT V
LOSS OF CONSORTIUM

20.    Plaintiff William Porter adopts and re-avers paragraphs 1 through 19 above as if fully set out herein.

21.    The foregoing wrongful conduct of Defendants combined and concurred and rendered Defendants liable to Plaintiff William Porter for the following injuries and damages: a loss of the services, support and consortium of his wife, Jacqueline Porter, for a period of time and continuing loss of said services and consortium for a period of time as yet undetermined.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount the jury deems fair and just under the circumstances, and costs of Court.

ATTORNEYS FOR PLAINTIFFS

_____
DOUGLAS J. FEES          ALA. BAR #FEE001
THE COCHRAN FIRM
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama   35804
(256) 536-1199


**PLAINTIFFS RESPECTFULLY DEMAND A TRIAL BY JURY.**

_____
DOUGLAS J. FEES


Defendants may be served as follows:

The Travelers Indemnity Company of America
Attn: Ms. Sandra Smiley
Caller Service 1816
Alpharetta, GA 30023-1816

*Mary Wilson*
*1-800-238-6214  ext 3040*

Keith D. Patterson
1209 20th St.
Phenix City, AL 36867

## IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

**JACQUELINE PORTER, et al.,**

<table>
<tr><td></td><td><em>Plaintiffs,</em></td><td><strong>CIVIL ACTION</strong></td></tr>
<tr><td>vs.</td><td></td><td><strong>CV 2005</strong>_____</td></tr>
<tr><td><strong>KEITH D. PATTERSON, et al.</strong></td><td></td><td><strong>Jury Demanded</strong></td></tr>
<tr><td></td><td><em>Defendants.</em></td><td></td></tr>
</table>

### NOTICE OF DEPOSITION

| DEPONENT | : | **KEITH D. PATTERSON** |
|---|---|---|
| DATE | : | 6 March 2006 |
| TIME | : | 1:00 P.M. CST |
| PLACE | : | 401 Madison Street, Huntsville, AL 35801 |

PLEASE TAKE NOTICE that the Plaintiffs will take the deposition upon oral examination of the above named deponent at the time, date and place set forth above, pursuant to the provisions of Rule 30 of the Alabama Rules of Civil Procedure, for the purpose of discovery, or for the use as evidence in the trial of the above-styled action, or for both purposes; said depositions to be taken before a notary public or before some other officer authorized by law to administer oath, to continue from day to day until completion.

ATTORNEYS FOR PLAINTIFFS

DOUGLAS Y. FEES *ALABAR#FEE001*
The Cochran Firm -Huntsville
401-403 Madison Street
Post Office Box 508
Huntsville, Alabama   35801
(256) 536-1199

**SERVE WITH SUMMONS AND COMPLAINT**

## IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

JACQUELINE PORTER, et al.,

|                          |                         |
|--------------------------|-------------------------|
| *Plaintiffs,*            | **CIVIL ACTION**        |
| vs.                      | **CV 2005**_____  |
| **KEITH D. PATTERSON, et al.** | **Jury Demanded**  |
| *Defendants.*            |                         |

## NOTICE OF DEPOSITION PURSUANT TO RULE 30(b)(5) AND (6)

PLEASE TAKE NOTICE that at 10:00 a.m. CST on 2 March 2006, at the law offices of The Cochran Firm–Huntsville, 401 Madison Street, Huntsville, AL, before a court reporter duly authorized under the laws of the State of Alabama, Plaintiff will take the deposition in accordance with Rule 30(b)(5) and (6) of the Alabama Rules of Civil Procedure of the individual(s) employed by Travlers who is designated by the defendant to testify about and surrounding matters set out within this notice, or who has the most knowledge regarding the matters set out herein.

### TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiff sets forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

A.    **DOCUMENTS:** This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers. In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all

studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

B.    **INCIDENT, SAID INCIDENT:**  This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint. The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

C.    **OTHER INCIDENTS, OTHER SIMILAR INCIDENTS:**  Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

D.    **INFORMATION:**  This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of acquisition

Notice of Corporate Deposition to Travelers
Porter, et al., v. Patterson, et al.
Page 2 of 4

or compilation and should, therefore, be construed to include oral information as well as documents.

**THE MATTERS UPON WHICH EXAMINATION IS REQUESTED AT SUCH A DEPOSITION BEING:**

1.  Testimony and documents evidencing or relating to the complete organizational chart of the Defendant as it existed on the date of the incident made the basis of this litigation.

2.  Testimony and documents evidencing or relating to the decision of this defendant to deny payment of uninsured motorist benefits to plaintiff.

3.  Testimony and documents evidencing or relating to facts and circumstances surrounding the incident forming the basis of Plaintiffs' complaint as to this defendant.

4.  Testimony and documents evidencing or relating to any and all contracts and written agreements entered into between this defendant and any other party to this litigation, dealing with the subject of Plaintiffs' complaint.

5.  Testimony and documents evidencing or relating to any and all depositions previously given by the designated deponent.

6.  Testimony and documents evidencing or relating to any and all complaints, notifications in any form whatsoever, and/or lawsuits (whether settled or tried, pending or concluded), similar in their nature to the incident made the basis of Plaintiffs' complaint.

7.  Testimony and documents evidencing or relating to the policy of insurance issued to plaintiffs.

8.  Testimony and documents evidencing and relating to the complete claim file of the plaintiffs.

9.  Testimony and documents of this defendant's investigation of Plaintiffs' claims, including but not limited to photos, video, statements, etc.

10.  Testimony and documents this defendant relied on in its decision to pay or refuse payment

Notice of Corporate Deposition to Travelers
Porter, et al., v. Patterson, et al.
Page 3 of 4

of insurance benefits.

Also please note that pursuant to Rule 30(b)(5) and (6), the deponent shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and the persons so designated shall testify as to matters known or reasonably available to" the deponent.

Further and pursuant to Rule 30(b)(5) and (6), Plaintiffs request that at the time and place of the taking of said deposition the deponent produce for inspection and copying such documents as defined which evidences or relates to any of the subject matter described in Items 1 through 10 above.

You should further note that in the event the deponent corporation contends that certain books, papers, documents or tangible things are privileged or refuses to produce and for any reason including, but not limited to, a claim of privilege, the deponent is hereby requested to identify the book, paper, document, or tangible thing and give the name and address of the custodian therefor and the reason specifically for its contention that such document is privileged.


ATTORNEYS FOR PLAINTIFFS


DOUGLAS J. FEES *ALABAR#FEE001*
**The Cochran Firm -Huntsville**
401-403 Madison Street
Post Office Box 508
Huntsville, Alabama   35801
(256) 536-1199

**SERVE WITH SUMMONS AND COMPLAINT**

Notice of Corporate Deposition to Travelers
Porter, et al., v. Patterson, et al.
Page 4 of 4

IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

**JACQUELINE PORTER, et al.,**

|  |  |
|---|---|
| *Plaintiffs,* | **CIVIL ACTION** |
| vs. | **CV 2005**_____ |
| **KEITH D. PATTERSON, et al.** | **Jury Demanded** |
| *Defendants.* |  |

## REQUEST FOR ADMISSIONS TO DEFENDANT
## TRAVELERS INSURANCE COMPANY

Please take notice that pursuant to Rule 36(a) of the Alabama Rules of Civil Procedure, you are hereby served with the following Request for Admissions and asked to admit the truth of the matters therein contained.

Please take further notice that said Request for Admissions and the truth of the matters contained therein shall be deemed admitted unless answers or objections are made thereto within forty-five (45) days after service of the Summons and Complaint. You are further reminded of your duty to make reasonable inquiry. Defendant is requested to admit that:

1.    On or about 2 May 2005, Jacqueline Porter and William Porter were involved in an automobile wreck on Crawford Road, a public roadway in Russell County Alabama.

**RESPONSE:**

2.    The Circuit Court of Russell County is the correct and proper venue for the present

action.

***RESPONSE:***

3.    Prior to the 2nd day of May 2005, Travelers Insurance Company had issued a policy of

insurance including liability and uninsured/underinsured motorist coverage insuring

Jacqueline Porter and William Porter and said policy was in full force and effect.

***RESPONSE:***

4.    At the time of the incident made the basis of Plaintiffs' complaint, Jacqueline Porter and

William Porter were  insured under the policy of insurance issued by Travelers Insurance

Company.

***RESPONSE:***

5.    Plaintiffs duly notified this defendant of their claims under the applicable insurance

policy.

***RESPONSE:***

6.    At the time of the incident made the basis of Plaintiffs' complaint, Keith D. Patterson was

an uninsured/underinsured motorist.

Porter, et al. v. Patterson, et al.
Request for Admissions to Defendant Travelers
Page 2 of 3

*RESPONSE:*

7.  At the time of the incident made the basis of Plaintiffs' complaint, Keith D. Patterson was

driving in an uninsured/underinsured vehicle.

*RESPONSE:*

ATTORNEYS FOR PLAINTIFFS


DOUGLAS J. FEES          ala. bar #fee001
THE COCHRAN FIRM -HUNTSVILLE
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama   35804
(256) 536-1199


**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

Porter, et al. v. Patterson, et al.
Request for Admissions to Defendant Travelers
Page 3 of 3

ATTORNEYS FOR PLAINTIFFS

DOUGLAS J. FEES                  ala. bar #fee001
THE COCHRAN FIRM -HUNTSVILLE
401-403 Madison Street
P. O. Box 508  Huntsville, Alabama   35804
(256) 536-1199

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

## IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

JACQUELINE PORTER, et al.,

|                          |                          |
|--------------------------|--------------------------|
| *Plaintiffs,*            | **CIVIL ACTION**         |
| vs.                      | **CV 2005**_____|
| **KEITH D. PATTERSON, et al.** | **Jury Demanded**  |
| *Defendants.*            |                          |

## INTERROGATORIES TO DEFENDANT TRAVELERS INSURANCE

Pursuant to Rule 33 of the Ala. R. Civ. P., plaintiffs request defendant TRAVELERS INDEMNITY INSURANCE COMPANY to answer the following interrogatories separately, fully, in writing, and under oath within the time prescribed by law.

In answering the interrogatories which follow, you are reminded that you are required to furnish all information available to you including information in the possession of your attorney, any person acting in your or their behalf, as well as information in the possession of any other agent or person under your control, and not merely such information as is known to you or to the personal knowledge of the person signing the answers to these interrogatories on your behalf. You are reminded finally of the duty of supplementation imposed upon you by Rule 26(e) of the Ala. R. Civ. P.

If, after diligent inquiry, you are unable to answer such an interrogatory completely, so state and set out such information as you do have.

## DEFINITIONS

In connection with these interrogatories and request for production, the following definitions shall apply unless otherwise indicated:

"Address" - The term "address" refers to the street number, street, post office box, city, state,

and ZIP code of the subject, person, business or other entity.

"Document" - The term "document" herein referred to includes, but is not limited to, all instruments in writing, in printed forms, type-written form, longhand notations or writings, tape recordings, photographs, video tape recordings, manuals, training manuals, training guides, duty manuals, rules and regulations, transcripts of recorded conversations, transcripts or oral statements, interoffice, intraoffice, interdepartmental or intradepartmental memorandum, notations to files, personal notes and records, and all records, logs, documents, books, writings and physical things of every description and kind which are germane and material to the areas of inquiry.

"Identity," Identify," or "Identification" - When used with reference to a person, the terms "identity," identify," or "identification" includes the full name, title or official capacity, social security numbers, and present or last known address of said person. When used with reference to a document, the terms "identity," or "identification" includes its date, title, author and signer and their address, type of document, and other means of identifying it, its present or last known location, and its custodian and his address. If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"You" or "Your" - The terms "you" or "your" includes the named defendant and the individual who prepares and makes answer to these interrogatories on behalf of the named defendant.

1.    State the name, address, job title and duties of each person answering, aiding or who was consulted or supplied information upon which answer to these interrogatories are based and state the place where these interrogatories are answered.

RESPONSE:

2.    State the legal designation by which you can sue or be sued.

RESPONSE:

3.    State the general corporate history of this defendant from the date of incorporation to present, including each type of business and/or services rendered from said date to the present time by this defendant, its divisions, branches, plants or other operations.  Also, indicate the state of incorporation, date of incorporation, and the principle place of business of this defendant.

RESPONSE:

4.    Did this defendant provide policies of insurance which insured plaintiffs against loss or injury arising out of an automobile collision involving an uninsured/underinsured motorist?  If yes, please provide:

        (a)    The policy numbers of such policies;

        (b)    A declaration sheet corresponding to such policies.

RESPONSE:

5.    Were such policies in full force and effect on 2 May 2005?

RESPONSE:

6.    Did plaintiffs notify this defendant of how, when and where said collision happened and the

injuries sustained by plaintifsf within the due time, as prescribed in the policy of insurance?

If so, please state the following:

      (a)    When this defendant received such notification;

      (b)    What employee and/or agent of this defendant received such notification.

RESPONSE:


7.    Has this defendant provided any uninsured motorist benefits to plaintiffs under policies of

insurance, insuring plaintiffs against loss or injury arising out of an automobile collision

involving an uninsured/underinsured motorist?  If so, please state the following:

      (a)    When such benefits were paid;

      (b)    Who received such benefits.

RESPONSE:


8.    Please state the basis upon which you relied in denied paying uninsured motorist benefits to

plaintiffs for injuries sustained in the incident made the basis of plaintiffs' complaint.

RESPONSE:

## IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

**JACQUELINE PORTER, et al.,**

|                          |                    |
|--------------------------|--------------------|
| *Plaintiffs,*            | **CIVIL ACTION**   |
| vs.                      | **CV 2005**_____ |
| **KEITH D. PATTERSON, et al.** | **Jury Demanded**  |
| *Defendants.*            |                    |

### REQUEST FOR PRODUCTION TO DEFENDANT
### TRAVELERS INSURANCE COMPANY

Pursuant to Rule 34 of the Ala. R. Civ. P., Plaintiffs request Defendant TRAVELERS INDEMNITY INSURANCE COMPANY to produce and to permit the plaintiffs to inspect and/or copy the documents requested herein; said production, inspection and/or copying of the following documents to take place at the time and location agreed upon by the parties.

### TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiffs set forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

A.    DOCUMENTS: This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers. In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying,

supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort.  The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

      B.    INCIDENT, SAID INCIDENT:  This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint.  The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

      C.    OTHER INCIDENTS, OTHER SIMILAR INCIDENTS:  Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

      D.    INFORMATION:  This term is intended to include reference to both facts and applicable principals; this word should not be construed to be limited to any method of

Porter, et al. v. Patterson, et al.
Request for Production to Defendant Travelers
Page 2 of 5

acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

        E.     HAZARD:    The word "hazard" shall be deemed to refer to any condition or any changing set of circumstances which present an injury potential.

        Please produce for inspection and/or copying each of the following documents:

1.      Documents evidencing or relating to policies of insurance covering the vehicle, owner and driver of the vehicle at the time of the incident made the basis of Plaintiffs' complaint.

RESPONSE:

2.      Documents evidencing or relating to any and all photographs of the collision site, the vehicles involved, or any other photographs which relate to the incident made the basis of Plaintiffs' complaint.

RESPONSE:

3.      Documents evidencing or relating to any and all statements obtained by any person or entity from any witnesses regarding the events involved in the occurrence made the basis of Plaintiffs' complaint.

RESPONSE:

Porter, et al. v. Patterson, et al.
Request for Production to Defendant Travelers
Page 3 of 5

4.    Documents evidencing or relating to any and all statements of Plaintiffs.

RESPONSE:

5.    Documents evidencing or relating to any investigation, document or information gathered by agents, servants or employees of the defendant as a result of the incident made the basis of Plaintiffs' complaint.

RESPONSE:

6.    Documents evidencing or relating to any and all insurance policies which afford coverage to Plaintiffs including policy applications and waivers of uninsured motorist coverage.

RESPONSE:

7.    Documents evidencing or relating to this defendant's investigation of Plaintiffs' uninsured/underinsured motorist claims, including but not limited to photos, video, statements, etc.

RESPONSE:

8.    Documents evidencing or relied on by this defendant in determining whether to pay or refuse payment of uninsured/underinsured benefits to Plaintiffs.

Porter, et al. v. Patterson, et al.
Request for Production to Defendant Travelers
Page 4 of 5

RESPONSE:

_____
DOUGLAS J. FEES                    ala. bar #fee001
THE COCHRAN FIRM -HUNTSVILLE
401-403 Madison Street
P. O. Box 508
Huntsville, Alabama   35804
(256) 536-1199


**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

Porter, et al. v. Patterson, et al.
Request for Production to Defendant Travelers
Page 5 of 5

# IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

**JACQUELINE PORTER, et al.,**

|                                    |                              |
|------------------------------------|------------------------------|
| *Plaintiffs,*                      | **CIVIL ACTION**             |
| vs.                                | **CV 2005**_____   |
| **KEITH D. PATTERSON, et al.**     | **Jury Demanded**            |
| *Defendants.*                      |                              |

## INTERROGATORIES TO DEFENDANT
### KEITH D. PATTERSON

Plaintiffs propound the following interrogatories to Defendant, to be answered separately, fully, in writing and under oath within the time prescribed by law pursuant to Rule 33 of the Alabama Rules of Civil Procedure.

In answering the interrogatories which follow, you are reminded that you are required to furnish all information available to you including information in possession of your attorney, or any person acting in your or their behalf, as well as information in the possession of any other agent or person under your control, and not merely such information as is known to you or to the personal knowledge of the persons signing the answers to these interrogatories on your behalf. You are reminded finally of the duty of supplementation imposed upon you by Rule 26(e) of the Alabama Rules of Civil Procedure.

If, after diligent inquiry, you are unable to answer an interrogatory completely, so state and set out such knowledge as you do have.

## DEFINITIONS

In connection with these interrogatories and request for production, the following definitions shall apply unless otherwise indicated:

"Address" - The term "address" refers to the street number, street, post office box, city, state, and ZIP code of the subject, person, business or other entity.

"Document" - The term "document" herein referred to includes, but is not limited to, all instruments in writing, in printed forms, type-written form, longhand notations or writings, tape recordings, photographs, video tape recordings, manuals, training manuals, training guides, duty manuals, rules and regulations, transcripts of recorded conversations, transcripts or oral statements, interoffice, intraoffice, interdepartmental or intradepartmental memorandum, notations to files, personal notes and records, and all records, logs, documents, books, writings and physical things of every description and kind which are germane and material to the areas of inquiry.

"Identity," Identify," or "Identification" - When used with reference to a person, the terms "identity," identify," or "identification"  includes the full name, title or official capacity, social security numbers, and present or last known address of said person.  When used with reference to a document, the terms "identity," or "identification" includes its date, title, author and signer and their address, type of document, and other means of identifying it, its present or last known location, and its custodian and his address.  If any document was but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

"You" or "Your" - The terms "you" or "your" includes the named defendant and the individual who prepares and makes answer to these interrogatories on behalf of the named defendant.


1.    Give the names and addresses of persons known to the parties or counsel to possess knowledge concerning the facts of the case and indicate whether written or recorded

2.    statements have been taken from such person and indicate who has possession of such statement.

ANSWER:

3.    Set forth a list of photographs, plats, sketches or other prepared documents in possession of defendants or counsel that relate to the claim or defense in this case.

ANSWER:

4.    What is your legal designation by which you can sue or be sued?

ANSWER:

5.    List the names and addresses of any expert witnesses whom you propose to use at the trial of this case.

ANSWER:

6.    Describe what caused this collision, in your opinion.

ANSWER:

7.    Describe any and all motor vehicle violations committed by you for which you have been cited in any manner whatsoever by any Federal, State, County or City or other similar entity for the ten year period immediately preceding the incident made the basis of Plaintiffs' complaint.

ANSWER:

8.    Is it your opinion or position that Plaintiff was contributorily negligent? If so, state fully in what way.

ANSWER:

9.    Set forth the names and addresses of all insurance companies which have insurance coverage relating to this claim and set forth the number or numbers of the policies involved and the amount or amounts of coverage provided in each policy.

ANSWER:

10.    List the names and addresses of any witnesses whom you propose to use as a witness at the

trial of this case.

ANSWER:

11.    Describe your whereabouts for the forty-eight (48) hours preceding this wreck and list the

names of individuals who were with you at any time during the course of this time, their

addresses and telephone numbers.

ANSWER:

12.    Describe any and all automobile wrecks in which you were involved during the past ten

years.

ANSWER:

13.    Describe any and all driving violations committed by you for which a citation, ticket or other

official charge was made, during the last ten years.

ANSWER:

14.     For whom were you driving the vehicle at the time of the wreck?

ANSWER:

15.     Who owned the vehicle you were driving at the time of the wreck?

ANSWER:

16.     List any prescription or non-prescription drugs which you had taken during the twenty-four

        hour period prior to this wreck.

ANSWER:

16.     With regard to any alcoholic beverages consumed by you during the twenty four hour period

        immediately preceding the incident made the basis of Plaintiffs' complaint, please state:

        a.      The type of alcoholic beverage;

        b.      The quantity of alcoholic beverages;

        c.      When the alcoholic beverages were consumed by you;

        d.      The name and address of each and every individual present at the time of

consumption of the alcoholic beverages;

e.    The name and address of the person or other entity who sold the alcoholic beverages to you.

ANSWER:

17.    Have you ever received a prescription for corrective eyewear?  If so, list the name and address of the optometrist/opthalmologist issuing said prescription.

ANSWER:

18.    Were you wearing corrective lenses at the time of the subject wreck?  If not, why not?

ANSWER:

ATTORNEYS FOR PLAINTIFFS

DOUGLAS L. FEES *ALABAR#FEE001*
**The Cochran Firm -Huntsville**
401-403 Madison Street
Post Office Box 508
Huntsville, Alabama   35801
(256) 536-1199

**SERVE WITH SUMMONS AND COMPLAINT**

IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

**JACQUELINE PORTER, et al.,**

*Plaintiffs,*                                    **CIVIL ACTION**

vs.                                              **CV 2006**_____

**KEITH D. PATTERSON, et al.**                   **Jury Demanded**

*Defendants.*


## REQUESTS FOR ADMISSIONS TO DEFENDANT KEITH PATTERSON

Please take notice that pursuant to Rule 36(a) of the Alabama Rules of Civil Procedure, you are hereby served with the following Requests for Admissions, for purposes of the pending matter only, and asked to admit the truth of the matters therein contained.

Please take further notice that said Requests for Admissions and the truth of the matters contained therein shall be deemed admitted unless answers or objections are made thereto within forty-five (45) days after service of the Summons & Complaint. You are further reminded of your duty to make reasonable inquiry. Defendant is requested to admit that:

1.      On 2 May 2004, Keith Patterson was operating a motor vehicle.

RESPONSE:


2.      On 2 May 2004, the vehicle being driven by Keith D. Patterson caused another vehicle to

collide with the vehicle which William Porter was driving and in which Jacqueline Porter

was a passenger.

RESPONSE:

3.      William and Jacqueline Porter did not contribute to the cause of this collision.

RESPONSE:


4.      William and Jacqueline Porter suffered injuries as a result of the collision made the subject

of Plaintiffs' complaint.

RESPONSE:


5.      The vehicle being operated by Patterson at the time of the collision made the basis of

Plaintiff's complaint was in good mechanical condition and without defect.

RESPONSE:


6.      The medical treatment obtained by Plaintiff Jacqueline Porter was both reasonable and

necessary for the care and treatment of the injuries she sustained in the collision made the

basis of the complaint.

RESPONSE:


7.      Keith Patterson was operating the vehicle in an unsafe manner at the time of the collision

made the basis of Plaintiff's complaint.

RESPONSE:

8.    Keith Patterson was operating the vehicle in a reckless manner at the time of the collision

made the basis of Plaintiff's complaint.

RESPONSE:

9.    The vehicle involved in the collision made the basis of Plaintiff's complaint was inspected

on a regular and timely basis.

RESPONSE:

10.    The vehicle involved in the collision made the basis of Plaintiff's complaint was maintained

on a regular and timely basis.

RESPONSE:

11.    At the time of the collision made the basis of Plaintiff's complaint, the driver of the subject

vehicle was driving the vehicle involved in said collision with the knowledge and consent of

its owner.

RESPONSE:

12.    Patterson failed to use due care in the operation of her vehicle at the time of this wreck.

RESPONSE:

ATTORNEY FOR PLAINTIFF

DOUGLAS J. FEES ALABAR#FEE001
**THE COCHRAN FIRM -HUNTSVILLE**
401-403 Madison Street P O  Box 508
Huntsville, Alabama   35804-0508
(256) 536-1199


**SERVE WITH SUMMONS AND COMPLAINT**

## IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

**JACQUELINE PORTER, et al.,**

|                              |                                  |
| ---------------------------- | -------------------------------- |
| *Plaintiffs,*                | **CIVIL ACTION**                 |
| vs.                          | **CV 2006_____**    |
| **KEITH D. PATTERSON, et al.** | **Jury Demanded**              |
| *Defendants.*                |                                  |

### REQUESTS FOR PRODUCTION TO DEFENDANT KEITH PATTERSON

Pursuant to Rule 34 of the Alabama Rules of Civil Procedure, Plaintiffs request Defendant to produce and to permit Plaintiffs to inspect and/or copy the documents requested herein; said production, inspection and/or copying of the following documents to take place at the time and location agreed upon by the parties.

### TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiff sets forth the following definitions of various words and phrases which are contained herein in order to help the defendant understand the objectives of Plaintiffs' discovery efforts and to locate and furnish the relevant information and materials.

A.    **DOCUMENTS:** This word is intended to refer to any medium by which information is recorded, including "papers" of any kind or character, photographs and any method or medium by which information is utilized by computers. In addition to a copy of the original or any such requested documents, the request should be deemed to include a request for a copy of any and all studies, reports, memos, inter-office communication or writings, by whatever name called, which relate to the original, specifically including any material underlying, supporting or used in the preparation of any such documents; and any and all attachments to the original, and any and all

documents referred to in the original; and any and all subsequent additions, deletions, substitutions, amendments or modifications to the original of any sort. The word as used herein shall also mean without limitation all written, recorded or graphic matter however produced or reproduced, including but not limited to, originals (or copies where originals are not available), of correspondence, telegrams, notes or sound recordings of any type or personal or telephone conversation, or of meetings or conferences, minutes of directors' or committee meetings, whether formal or informal, memoranda, inter-office communications, studies, analyses, reports, results of investigation, reviews, contracts, agreements, vouchers, invoices, receipts, computer data, operation statements, payroll and expense records, diaries, or papers similar to any of the foregoing however denominated.

B.     **INCIDENT, SAID INCIDENT**: This phrase is intended to refer to the operation of the incident that occurred on the date and occasion set forth in Plaintiffs' complaint. The details of the occasion of said incident are more fully set forth in Plaintiffs' complaint.

C.     **OTHER INCIDENTS, OTHER SIMILAR INCIDENTS**:  Whenever either of these phrases is employed, it is intended to refer to any other incident the occurrence of which involves a similar event as that alleged to be involved in the occurrence of said incident; either of these phrases should include the occurrence of such other incidents which has resulted in a report or complaint, a notification, by whatever name called, in which it is stated or alleged that the occurrence of such other incident resulted from a similar event as that alleged in the present incident.

D.     **INFORMATION**:  This term is intended to include reference to both facts and applicable principles; this word should not be construed to be limited to any method of acquisition or compilation and should, therefore, be construed to include oral information as well as documents.

E.     **HAZARD:**     The word "hazard" shall be deemed to refer to any condition or any changing set of circumstances which present an injury potential.

Please produce for inspection and/or copying each of the following documents:

1.    Documents evidencing or relating to the ownership of the vehicle being driven by this defendant at the time of the incident made the basis of Plaintiffs' complaint.

*RESPONSE:*

2.    Documents evidencing or relating to any and all photographs of the collision site, the vehicles involved, or any other photographs which relate to the incident made the basis of Plaintiffs' complaint.

*RESPONSE:*

3.    Documents evidencing or relating to any and all statements obtained from any person or entity regarding the events involved in the occurrence made the basis of Plaintiffs' complaint.

*RESPONSE:*

4.    Documents evidencing or relating to any and all statements of the Plaintiffs.

*RESPONSE:*

5.    Documents evidencing or relating to any and all reports from experts regarding the occurrence made the basis of Plaintiffs' complaint.

*RESPONSE:*

6.    Documents evidencing or relating to any and all traffic violations for which this defendant has been cited in the past five years.

*RESPONSE:*

7.      Documents evidencing or relating to any investigation, document or information gathered by

agents, servants or employees of the defendant as a result of the incident made the basis of

Plaintiffs' complaint.

*RESPONSE:*


8.      Documents evidencing any and all motor vehicle wrecks in which this defendant was a driver

within the past three years.

*RESPONSE:*


9.      A copy of the driver's license/operator's license of defendant.

*RESPONSE:*


ATTORNEY FOR PLAINTIFF

_____

DOUGLAS J. FEES.,     ALABAR#FEE001
**THE COCHRAN FIRM -HUNTSVILLE**
401-403 Madison Street P O  Box 508
Huntsville, Alabama   35804-0508
(256) 536-1199


**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

## IN THE CIRCUIT COURT OF RUSSELL COUNTY ALABAMA

**JACQUELINE PORTER et al.,**

*Plaintiffs,*                    **CIVIL ACTION**

vs.                                    **CV 2005_____**

**KEITH D. PATTERSON, et al.**

                                       **Jury Demanded**

*Defendants.*

### NOTICE OF SERVICE

In accordance with R. 5(d) Ala. R. Civ. Pro. and Standing Order dated April 19, 1988, the following discovery materials have been served upon defendants with the Summons and Complaint:

(1)    Notice of Deposition/Requests for Admission/Requests for Production/Interrogatories to defendant Keith D. Patterson.

(2)    Notice of Deposition/Requests for Admission/Requests for Production/Interrogatories to defendant Travelers Indemnity Insurance Company.

ATTORNEYS FOR PLAINTIFFS

DOUGLAS J. FEES *ALABAR#FEE001*
**The Cochran Firm -Huntsville**
401-403 Madison Street
Post Office Box 508
Huntsville, Alabama  35801
(256) 536-1199

**SERVE WITH SUMMONS AND COMPLAINT**